**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PEDRO F. VASQUEZ,<br><br>               Plaintiff,<br><br>      v.<br><br>WALMART, et al.,<br><br>               Defendants. | Civil Action No. 20-693 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Walmart, Inc.'s[1] ("Walmart" or "Defendant") Motion to Dismiss Plaintiff Pedro F. Vasquez's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] (ECF No. 5.) Plaintiff opposed (ECF No. 6), and Defendant replied (ECF No. 7). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Defendant's Motion to Dismiss is granted.

## I. BACKGROUND[3]

The allegations of Plaintiff's Complaint relate to his December 22, 2017 arrest by the North Brunswick Police Department for shoplifting. (Compl. ¶¶ 7, 15, ECF No. 1-1.) Plaintiff asserts

---

[1] Plaintiff incorrectly named Defendant as "Walmart." (Compl. ¶ 2, ECF No. 1-1; Def.'s Moving Br. 1, ECF No. 5-1.)

[2] Unless otherwise noted, all references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[3] For the purpose of a motion to dismiss, the Court accepts as true and summarizes the factual allegations of the Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

that, on that day, he was shopping at a Walmart store in North Brunswick, New Jersey. (*Id.* ¶ 7.) While standing in the checkout line, Plaintiff received a phone call from a friend and subsequently "moved himself[,] for a matter of seconds, to an area where there was no possibility of exiting the store." (*Id.* ¶ 9.) Plaintiff contends that, when he moved himself to this area, he stated, "in a loud voice[,] that he was going to pay for the items and then be out to help his friend." (*Id.*) Plaintiff claims he was immediately arrested by a Walmart security officer (the "Security Officer"), "publicly accused . . . of theft[,] and threatened [with] physical harm" if he did not allow the Security Officer to detain him. (*Id.* ¶ 10.) The Security Officer prevented Plaintiff from leaving the store and subsequently caused a call to be placed to the North Brunswick Police Department. (*Id.* ¶¶ 12–13.) Plaintiff alleges the Security Officer gave the police false information which resulted in Plaintiff receiving a criminal complaint and summons for shoplifting. (*Id.* ¶¶ 13–15.) The summons was dismissed on December 19, 2018, but Plaintiff alleges several injuries associated with the detention, including physical and psychological injuries, damage to his reputation, and costs associated with defending himself in Municipal Court. (*Id.* ¶¶ 16–17.)

On December 18, 2019, Plaintiff initiated the instant action against Defendant in the Superior Court of New Jersey, Law Division, Middlesex County, alleging: (1) Count One for a violation of Plaintiff's civil rights under 42 U.S.C. § 1983 (the "Section 1983 Claim"), (*id.* ¶¶ 18–22); (2) Count Two for false arrest, (*id.* ¶¶ 23–29); (3) Count Three for malicious prosecution, (*id.* ¶¶ 30–37); (4) Count Four for abuse of process, (*id.* ¶¶ 38–42); and (5) Count Five for intentional infliction of emotional distress (Counts Two through Five are, collectively, the "State Law Claims"), (*id.* ¶¶ 43–48). Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441, claiming federal question and diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, respectively. (Notice of Removal ¶¶ 8–9, 17, ECF No. 1.)

## II. LEGAL STANDARD

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When analyzing a Rule 12(b)(6) motion to dismiss, the district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must accept as true all of a plaintiff's well pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## III. DISCUSSION

### A. Plaintiff Fails to Plausibly Allege a Section 1983 Claim

"To prevail on a § 1983 claim, [the plaintiff must] show, first, that [he] was deprived of a constitutional right and, second, that the alleged deprivation was committed by a person acting under color of state law." *Harvey v. Plains Twp. Police Dept.*, 635 F.3d 606, 609 (3d Cir. 2011)

3

(citations and internal quotation marks omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). The threshold issue of "[a]ction under color of state law 'requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (quoting *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998)). To establish the color of state law requirement against a non-state actor, a plaintiff must demonstrate that "there is such a 'close nexus' between the State and challenged action that private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch.*, 531 U.S. 288, 295 (2001). A "tenuous connection to state action[]" is insufficient to satisfy this requirement. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

Count One alleges that the Security Officer deprived Plaintiff of his Fourth Amendment right against unreasonable seizure. (Compl. ¶¶ 18–19.) Plaintiff claims that, despite having no probable cause to believe Plaintiff shoplifted, the Security Officer detained Plaintiff and caused the North Brunswick Police Department to arrive at the store and issue Plaintiff a criminal complaint and summons. (*Id.* ¶¶ 11–15.) Plaintiff further asserts that the Security Officer's actions were taken under color of state law. (*Id.* ¶¶ 19–20.)

The New Jersey Shoplifting Act states that a "merchant, who has probable cause for believing that a person willfully concealed unpurchased merchandise and that he can recover the merchandise by taking the person into custody, may . . . take the person into custody and detain him in a reasonable manner for . . . a reasonable time." N.J. Stat. Ann. § 2C:20-11(e). Importantly, store employees acting pursuant to this statute are generally not deemed to be acting under the color of state law. *Gibson v. Supermarkets Gen. Corp.*, 564 F. Supp. 50, 53 (D.N.J. 1983); *Brandt v. Thuring*, No. 16-8792, 2019 WL 1418125, at * 6 (D.N.J. Mar. 29, 2019) (noting that "merely calling the police or reporting criminal activity is not sufficient to allege a private actor acted under the color of state law"). An exception to this general rule, however, exists if (1) "the police have a

4

pre-arranged plan with the store;" and (2) "under the plan, the police will arrest anyone identified as a shoplifter by the store without independently evaluating the presence of probable cause." *Cruz v. Donnelly*, 727 F.2d 79, 81 (3d Cir. 1984)

Here, Plaintiff alleges that the Security Officer provided the North Brunswick Police Department with false information "in an effort to cause a criminal disorderly persons offense to be issued against [P]laintiff." (Compl. ¶ 13.) Plaintiff, however, fails to allege the existence of any pre-arranged plan between Walmart or the Security Officer and the North Brunswick Police Department. (*See generally id.*) Furthermore, Plaintiff's assertions that the Security Officer's false statements to the police led to Plaintiff's arrest suggest the absence of a plan under which "the police will arrest anyone identified as a shoplifter by the store." *Cruz*, 727 F.2d at 81. Plaintiff's conclusory allegations, therefore, fail to plausibly allege action under the color of state law. The Section 1983 Claim, accordingly, is dismissed without prejudice.

### B. Defendant Fails to Demonstrate that the Court has Subject Matter Jurisdiction Over the State Law Claims

"[F]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). Here, Defendant asserts this Court has subject matter jurisdiction over the State Law Claims pursuant to 28 U.S.C. § 1332. (Notice of Removal ¶ 9.) Defendant notes that Plaintiff is a citizen of New Jersey and Defendant is a Delaware corporation with its principal place of business in Arkansas. (*Id.* ¶¶ 10–11.) Furthermore, Plaintiff seeks compensatory damages, punitive damages, attorney's fees and costs, and "all equitable and other relief as the Court deems just and proper[,]" (Compl. ¶ 49), but does not plead a specific amount of monetary damages, (*see generally*

5

*id.*).[4] Defendant, however, argues that despite the unspecified damages, the action satisfies § 1332's amount in controversy requirement because Plaintiff refused to stipulate that damages do not exceed $75,000. (Notice of Removal ¶¶ 14–16 (further stating, "based upon [Defendant's] information and belief," the amount in controversy exceeds $75,000).)

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Even when the Court—and not the non-removing party— raises jurisdictional concerns sua sponte, the removing party must demonstrate by a preponderance of evidence that federal jurisdiction is appropriate. *Martin v. Wal-Mart Stores, Inc.*, 709 F. Supp. 2d 345, 348 (D.N.J. 2010); *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("Evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

Here, Defendant fails to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. By itself, Plaintiff's refusal to stipulate that his damages do not exceed $75,000 is not sufficient to satisfy the amount in controversy requirement. *Martin*, 709 F. Supp. 2d at 350 ("One may not reasonably infer from [a p]laintiff's 'refusal' to stipulate to a limitation on [his] claims that the claims are reasonably likely to exceed $75,000."); *Gable v. Target Corp.*, No. 15-1350, 2015 WL 790548, at *1 (D.N.J. Feb. 24, 2015). Accordingly, the Court holds that Defendant has failed to satisfy its burden of showing that the Court has subject matter jurisdiction over the State Law Claims.

---

[4] Such a pleading is permitted under New Jersey law. *See* N.J. Stat. Ann. § 4:5-2 ("If unliquidated money damages are claimed in [New Jersey Superior C]ourt, . . . the pleading shall demand damages generally without specifying the amount.").

6

Case 3:20-cv-00693-MAS-LHG   Document 8   Filed 09/25/20   Page 7 of 8 PageID: 111

C.  **The Court Declines to Exercise Supplemental Jurisdiction Over the State Law Claims**

In a civil action in which a district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, [however,] the district court must decline to decide the pendent state claim unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995); *see also* 28 U.S.C. § 1367(c)(3) ("The district court[] may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]").

Here, Plaintiff's Section 1983 Claim, which is the only claim over which this Court had original jurisdiction, no longer remains. The only remaining claims are the State Law Claims. Furthermore, the case is in the earliest stages of litigation and there have been no substantive decisions affecting the claims or positions of the parties. The Court, therefore, considering the factors of judicial economy, convenience, and fairness to the parties, declines to exercise supplemental jurisdiction over the State Law Claims and dismisses the remainder of the Complaint without prejudice.

## IV.  CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss the Complaint is granted. The Court will afford Plaintiff an opportunity to amend his Complaint. The Court will enter an Order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**